UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UAP HOLDING CORP., et al.,

        Plaintiffs,

  v.

RON MAITOZA, et al.,

        Defendants.

CASE NO. C06-1332JLR

MINUTE ORDER

The following minute order is made by the direction of the court, the Honorable James L. Robart:

The court has received the parties' stipulated protective order (Dkt. # 14). For the reasons stated below, the court DENIES the stipulation. If the parties wish to submit a revised protective order, they should do so in compliance with the following.

Litigants often enter agreements regarding the confidentiality of documents they exchange during discovery. The court encourages such agreements, as they are often helpful in conducting discovery efficiently and without the intervention of the court. In the instant agreement, however, the parties include language that amounts to an advanced ruling from the court that the public does not have an interest in the confidential information. See Proposed Protective Order at 2 ("The public does not have an interest in

MINUTE ORDER – 1

obtaining such documents . . . ."). The court declines to enter a protective order that contains such language.

Further, the parties include two conflicting procedures for submitting sensitive materials to the court – one that calls for an in camera review, and one that approximates the procedure under the local rules. See Proposed Protective Order ¶¶ 10(b), (c). Local Rule 5(g) sets forth the procedure for filing a motion to seal documents. A party may not seal a document without concurrently filing a motion to seal the material in question.[1] This procedure is the sole means by which a party may seal a document in a civil case before this court. Accordingly, it is unnecessary for the parties to include language that purports to outline the court's procedure for considering whether to seal sensitive materials. The court will simply apply the standard set forth in Local Rules W.D. Wash CR 5(g). The court does not object to the parties' agreement concerning how to deal with materials *after* the court has ruled on a motion to seal. See id. at ¶ 10(d).

Filed and entered this 13th day of March, 2007.

BRUCE RIFKIN, Clerk

By   s/Mary Duett
     Deputy Clerk

---

[1] When using the Western District of Washington's electronic filing system ("CM-ECF"), a party may unilaterally seal a document while awaiting the court's ruling on a motion to seal.

MINUTE ORDER – 2